IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge William J. Martínez**

Civil Action No. 17-cv-0562-WJM-MLC

KINETIC DEVELOPMENT LLC, a Colorado limited liability company,

    Plaintiff,

v.

SKY UNLIMITED LLC, a Colorado limited liability company,

    Defendant.

## ORDER REMANDING CASE

Now before the Court in this contract dispute is Plaintiff Kinetic Development LLC's Motion for Remand. (ECF No. 16.) Plaintiff Kinetic Development LLC ("Kinetic Development") argues this matter must be returned to state court, given Defendant Sky Unlimited LLC's ("Sky Unlimited") failure to set forth a compelling, or even suggested, theory for removal to federal court. Defendant Sky Unlimited argues that remand should be denied and that the case should remain in this Court based on federal question jurisdiction. (*See* ECF No. 21.) For the reasons explained below, Kinetic Development's motion is granted.

### I. BACKGROUND

The facts giving rise to this case are easy to summarize. On November 22, 2016, Kinetic Development and Sky Unlimited entered into a contract to purchase property ("real estate contract"), made contingent upon Sky Unlimited receiving "a good and compliant Recreational Retail Marijuana Store License." (ECF No. 3 ¶ 6.) On

November 28, 2016, Sky Unlimited notified Kinetic Development that it was terminating the contract and requesting the return of its earnest money deposit, citing the apparent illegality of the agreement under the Federal Controlled Substances Act. (*Id.* ¶ 12.) Kinetic Development filed its Complaint in the District Court for the City and County of Pueblo, Colorado, on January 27, 2017, alleging claims under Colorado law for breach of contract and breach of the covenant of good faith and fair dealing. (ECF No. 3.)

On March 2, 2017, Defendant filed in this Court a Notice of Removal suggesting that federal subject matter jurisdiction exists because this action "arises under" federal law. (ECF No. 1.) Thereafter, Kinetic Development filed the present motion to remand. (ECF No. 16.) Sky Unlimited argues that federal jurisdiction is appropriate here because Kinetic Development's claims are completely preempted by the Controlled Substances Act. Sky Unlimited also argues, in the alternative, that there is a substantial disputed federal-law issue that is necessary to Kinetic Development's state-law claims.

## II. ANALYSIS

### A. Preemption

In moving to remand this case back to state court, Kinetic Development argues that its Complaint does not raise a federal question on its face and that the "complete preemption doctrine" does not create federal jurisdiction under the facts presented here. Kinetic Development's pleading alleges only state law claims for breach of contract and breach of the covenant of good faith and fair dealing. Kinetic Development suggests that Sky Unlimited's efforts to remove this case to federal court would, if successful, preclude a plaintiff from effectively seeking relief under state law merely by invoking the Controlled Substances Act.

2

The party seeking to transfer a state cause of action has the burden of showing that removal is proper. *Lindstrom v. United States*, 510 F.3d 1191, 1193 (10th Cir. 2007) (citing *McNutt v. Gen. Motors Acceptance Corp. of Ind.*, 298 U.S. 178, 189 (1936)). A case that has been removed to federal court pursuant to 28 U.S.C. § 1441, must be remanded back to state court if, at any time prior to final judgment, the federal district court finds that it lacks subject matter jurisdiction. 28 U.S.C. § 1447(c); *see also* Fed. R. Civ. P. 12(h)(3). Courts must strictly construe the requirements of removal jurisdiction and, as Kinetic Development recognizes, "all doubts are to be resolved against removal." *Fajen v. Found. Reserve Ins. Co.*, 683 F.2d 331, 333 (10th Cir. 1982).

In the absence of diversity of citizenship, a case may be tried in federal court when the civil action arises "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331; *see also Pan Am. Petroleum Corp. v. Superior Court of Del. in and For New Castle Cnty.*, 366 U.S. 656, 663 (1961) (a case is not cognizable, in the absence of diversity jurisdiction, "unless it appears from the face of the complaint that determination of the suit depends upon a question of federal law"). "[A] right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action . . . and the controversy must be disclosed upon the face of the complaint, unaided by the answer or by the petition for removal." *Id.* The well-pleaded complaint rule provides that "the plaintiff is the master of the complaint, that a federal question must appear on the face of the complaint, and that the plaintiff may, by eschewing claims based on federal law, choose to have the cause heard in state court." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 398–99 (1987).

"The fact that a court must apply federal law to a plaintiff's claims or construe federal law to determine whether the plaintiff is entitled to relief will not confer subject matter jurisdiction—the implicated federal issue must be *substantial*." *Dunlap v. G&L Holding Group Inc.*, 381 F.3d 1285, 1291–92 (11th Cir. 2004) (emphasis in original). Nor would it be enough that a defense "relies on the preclusive effect of a prior federal judgment, or the pre-emptive effect of a federal statute." *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6 (2003) (citing *Rivet v. Regions Bank of La.,* 522 U.S. 470 (1998) and *Franchise Tax Bd. of Cal. v. Construction Laborers Vacation Trust for S. Cal.,* 463 U.S. 1 (1983)). Indeed, the Tenth Circuit held nearly forty years ago that contract claims arise under state law and "the fact that federal regulations may create a defense to recover on such a claim is immaterial to a finding of federal question jurisdiction." *Madsen v. Prudential Fed. Sav. & Loan Ass'n,* 635 F.2d 797, 799 (10th Cir. 1980).

Nevertheless, in its Response, Sky Unlimited contends that preemption mandates the removal of this case.[1] In doing so, Sky Unlimited appears to comingle the doctrines of ordinary and complete preemption. (*See* ECF No. 21 at 3–13 (utilizing the terms "expressly preempted," "positive conflict," and "obstacle preemption," which are concepts related to ordinary preemption).) A claim of ordinary preemption occurs when there is the defense of "express preemption," "conflict preemption," or "field preemption." Express preemption is limited to those situations where a federal statute

---

[1] During Oral Argument conducted by U.S. Magistrate Craig B. Shaffer on October 10, 2017, counsel for Sky Unlimited conceded that Defendant's removal was not based upon any claims that Kinetic Development asserts, but rather on arguments Sky Unlimited seeks to assert in response. (*See* ECF No. 25.) Although the undersigned subsequently withdrew the referral order for a recommendation from Judge Shaffer, the Court has access to the audio recording of this argument. The relevant colloquy occurred at 10:56:50–10:57:04 of the audio recording.

4

expressly preempts state law. *Arizona v. United States*, 567 U.S. 387 (2012). Conflict preemption contemplates those situations where it is impossible to comply with both federal and state law, and state law creates an obstacle to the congressional intention in enacting a federal statute. *Id.* Field preemption occurs where a pervasive framework leaves no room for the state to act, or where the federal interest is so dominant that it precludes enforcement of state law on the same subject. *Id.* These concepts are distinct from complete preemption, although they sometimes use similar language. *Felix v. Lucent Tech., Inc.*, 387 F.3d 1146, 1156 (10th Cir. 2004).

Ordinary preemption has been categorized as a federal "defense to the allegations." *Caterpiller Inc.*, 482 U.S. at 392. And as a mere defense, the "preemptive effect of a federal statute . . . will not provide a basis for removal." *Beneficial*, 539 U.S. at 6; *cf. MSPA Claim I, LLC v. Scottsdale Ins. Co.*, 2017 WL 3835879, at *5–6 (S.D. Fla. June 30, 2017) ("Conflict preemption, unlike complete preemption, actually is a true preemption doctrine and is an issue left to the state court in this case, since conflict preemption does not provide an independent basis for federal jurisdiction/removal.").

"By contrast, when complete preemption exists, there is 'no such thing' as the state action, since the federal claim is treated as if it appears on the face of the complaint because it effectively displaces the state cause of action." *Lontz v. Tharp*, 413 F.3d 435, 441 (4th Cir. 2005) (quoting *Beneficial*, 539 U.S. at 11). Because this doctrine undermines a plaintiff's ability to plead claims under the law of his or her choosing, the Supreme Court has been "reluctant" to find complete preemption. *Id.* (citing *Metro. Life Ins. Co. v. Taylor,* 481 U.S. 58, 65 (1987)). Indeed, the Court has applied the doctrine in only three areas, specifically, cases involving § 301 of the Labor

5

Management Relations Act of 1947, § 502 of the Employee Retirement Income Security Act of 1974, and actions for usury against national banks under the National Bank Act. *See Beneficial,* 539 U.S. at 10–11 (National Bank Act); *Metro. Life,* 481 U.S. at 66–67 (ERISA § 502(a)); *Avco Corp. v. Aero Lodge No. 735, Int'l Ass'n of Machinists,* 390 U.S. 557, 560 (1968) (Labor Management Relations Act § 301).

For complete preemption to apply, the challenged claims—here, breach of contract and breach of the covenant of good faith and fair dealing—must "fall within the scope of federal statutes intended by Congress completely to displace all state law on the given issue and comprehensively to regulate the area." *Hansen v. Harper Excavating, Inc.,* 641 F.3d 1216, 1221 (10th Cir. 2011).

The Tenth Circuit has explained:

> We read the term ['complete preemption'] not as a crude measure of the breadth of the preemption (in the ordinary sense) of a state law by a federal law, but rather as a description of the specific situation in which a federal law not only preempts a state law to some degree but also substitutes a federal cause of action for the state cause of action, thereby manifesting Congress's intent to permit removal.

*Schmeling v. NORDAM*, 97 F.3d 1336, 1339 (10th Cir. 1996). Consequently, the Tenth Circuit has held that a claim of complete preemption requires a two-part analysis. The Court must both "ask whether the federal regulation at issue preempts the state law relied on by the plaintiff," and also consider "whether Congress intended to allow removal in such a case, as manifested by the provision of a federal cause of action to enforce the federal regulation." *Devon Energy Prod. Co. v. Mosaic Potash Carlsbad, Inc.*, 693 F.3d 1195, 1205–06 (10th Cir. 2012) (citation and internal punctuation omitted). The Tenth Circuit instructs that courts begin with the second of these

6

inquiries. *Id.*; *see also Schmeling,* 97 F.3d at 1343 (explaining that the interests of "comity and prudence" dictate that courts avoid needlessly addressing the first inquiry, which will frequently require a discussion of the merits of the preemption defense).

In its Response, Sky Unlimited argues, somewhat perplexingly, that the Supreme Court does not require that Sky Unlimited be provided with a federal remedy. (*See* ECF No. 21 at 11–12.) In this case, however, the operative question is whether Congress has provided *Kinetic Development (i.e., the Plaintiff)*—as opposed to Sky Unlimited (the Defendant)—with a federal cause of action. *Devon Energy*, 693 F.3d at 1205–06. The answer is no. The Controlled Substances Act is a criminal statute, which hardly creates an avenue for Kinetic Development to vindicate its rights under the parties' real estate contract. *See* 21 U.S.C. §§ 801 *et seq.*

Sky Unlimited also cites various Supreme Court cases for the proposition that an action can be removed to federal court "even though 'the petitioner had undoubtedly pleaded an adequate claim for relief under the state law of contracts and had sought a remedy available only under state law.'" (ECF No. 11 at 11–12 (citing *Caterpillar,* 482 U.S. at 391 n. 4 and *Avco*, 390 U.S. 557).) Reliance on these cases misses the mark. In *Caterpillar*, the Supreme Court affirmed that the Labor Management Relations Act created a federal cause of action for the breach of a collective bargaining agreement. *Caterpillar*, 482 U.S. at 394–95. In doing so, the Court also rejected the Ninth Circuit's conclusion that complete preemption requires the federal law to provide a superseding remedy in addition to a cause of action. *Id.* at 391 n.4. The Court noted that the question regarding the availability of particular remedies was different from the question of jurisdiction to adjudicate the controversy. *Id.*; *see also Avco*, 390 U.S. at 561 ("[T]he

7

breadth or narrowness of the relief which may be granted under federal law in § 301 cases is a distinct question from whether the court has jurisdiction over the parties and the subject matter.").

In discussing complete preemption, the Tenth Circuit has also observed "that mirror-like symmetry between the federal and state remedies is not required to support a determination of complete preemption. However . . . the federal remedy at issue must vindicate *the same basic right or interest* that would otherwise be vindicated under state law." *Id.* (emphasis added; citations omitted). Here, Kinetic Development seeks to assert state-law claims that relate to a specific interest—namely, its ability to recover the earnest money under the terms of the real estate contract. The Controlled Substances Act provides neither a remedy nor, more importantly, a cause of action to vindicate Plaintiff's contract rights. Consequently, Sky Unlimited's cited authorities are not applicable in this case and complete preemption does not apply.

**B.      Substantial Federal Issues**

Sky Unlimited also contends that even if the Court concludes that complete preemption does not apply, federal-question jurisdiction should still attach because there are substantial federal issues embedded in Plaintiff's Complaint. This argument is not persuasive.

The Supreme Court has recognized "that in certain cases federal-question jurisdiction will lie over state-law claims that implicate significant federal issues." *Grable & Sons Metal Prod., Inc. v. Darue Eng. & Mfg.,* 545 U.S. 308, 312 (2005). As currently interpreted by the Court, the substantial question exception is available only when "a state-law claim necessarily raise[s] a stated federal issue, actually disputed and

8

substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Id.* The Tenth Circuit has emphasized that this standard incorporates four necessary tests:

> [T]o establish federal-question jurisdiction under the *Grable & Sons* test, a state-law claim (1) must necessarily raise a federal claim that is both (2) actually disputed and (3) substantial; and (4) that may be resolved in a federal forum without disturbing the balance of federal and state judicial responsibilities.

*Devon Energy*, 693 F.3d at 1208 (citing *Grable & Sons*, 545 U.S. at 314).

In this case, Sky Unlimited argues that this Court has jurisdiction over Kinetic Development's Complaint because the real estate contract is premised on the sale and distribution of marijuana, which is illegal under the provisions of the Controlled Substances Act. Sky Unlimited argues, therefore, that a state court cannot enforce the liquidated damages provision of the contract that entitles Kinetic to the earnest money. (*See* ECF No. 21 at 6–11.) This argument is meritless, particularly because Kinetic Development's state-law causes of action do not present a *disputed* federal issue that the court *necessarily* must decide. It is not disputed that the sale and distribution of marijuana is illegal under the Controlled Substances Act. *See, e.g.*, *Fourth Corner Credit Union v. Fed. Reserve Bank of Kansas City*, 154 F. Supp. 3d 1185, 1189 (D. Colo. 2016), *vacated on other grounds,* 861 F.3d 1052 (10th Cir. 2017). Furthermore, the federal illegality of marijuana sales is not necessary to the determination of Kinetic Development's state-law breach of contract claims. Rather, Sky Unlimited's arguments in this regard may serve as defenses against Kinetic Development's claims, but that is an insufficient basis to support federal removal jurisdiction. *See Caterpillar, Inc.,* 482 U.S. at 393 ("[I]t is now settled law that a case may not be removed to federal court on

9

the basis of a federal defense . . . even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue."); *Nicodemus v. Union Pac. Corp.*, 440 F.3d 1227, 1235 (10th Cir. 2006) ("The presence of a federal issue, however, is not necessarily a password opening federal courts to any state action embracing a point of federal law."). The ultimate outcome of this case at trial—for Plaintiff or Defendant—is not at issue at this time. The limited issue for this court is simply to determine whether the case should remain in federal court or should be sent back to state court. That particular issue must be decided in favor of remanding this action to state court.

### III. CONCLUSION

For the reasons set forth above, Plaintiff Kinetic Development's Motion for Remand (ECF No. 16) is GRANTED. The Clerk shall REMAND this case to the District Court, City and County of Pueblo, Colorado, and shall terminate this action. The parties shall bear their own fees and costs.

Dated this 22nd day of November, 2017.

BY THE COURT:

William J. Martinez
United States District Judge